**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                        **15-CR-98G**

       -v-

**ANTHONY NEWBERN,**

       **Defendant.**
_____

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Frank P. Geraci, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Anthony Newbern ("the defendant"), is charged, along with a number of co-defendants, with having violated Title 21 U.S.C. § 846 (Count 1). Dkt. #1. He has filed a motion wherein he seeks dismissal of Count 1 of the indictment against him on the basis that there was "insufficient evidence" "to support the allegations against him." Dkt. #150, ¶s 4-14. The government has filed its opposition to this motion. Dkt. #160.

## DISCUSSION AND ANALYSIS

The defendant alleges that the indictment herein is "insufficient" and therefore must be dismissed. It is hereby RECOMMENDED that the motion be DENIED.

> [A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1974).

> An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

On a motion to dismiss, the Court may assume the truth of the facts described in the indictment. United States v Mango, 199 F3d 85,89 (2d Cir. 1999).

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Federal Rule of Criminal Procedure 59(b)(2) and Local Rule of Criminal Procedure 59(c)(2).

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement

either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."


DATED:   November 16, 2017
         Buffalo, New York

                                        *S/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**